## HUGGINS v STATE OF FLORIDA

Case No. 89-1816-AC (County Court Case No. 89-1109-MM)

Fifth Judicial Circuit, Marion County

April 4, 1990

### APPEARANCES OF COUNSEL

**David J. Tarbert, Esquire,** Assistant Public Defender, for appellant.
**Steve Rothenburg, Esquire,** Assistant State Attorney, for appellee.

Before McNEAL, HILL, SPRINGSTEAD, JJ.

### OPINION OF THE COURT

PER CURIAM

The trial court has broad discretion to determine whether preemptory challenges are racially motivated. *State v Slappy*, 522 So.2d 18 (Fla.), cert. denied, 108 S.Ct. 2873 (1988). "In trying to achieve the delicate balance between eliminating racial prejudice and the right to exercise preemptory challenges, we must necessarily rely on the inherent fairness and color blindness of our trial judges who are on the scene and who themselves get a 'feet' for what is going on in the jury selection process." *Reed v State*, 15 FLW (Fla. March 1, 1990). We

cannot say the trial judge abused his discretion in finding the state's challenge of a black juror was supporting by racially neutral reasons.

AFFIRMED.